UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER MUNGIN,

                Plaintiff,

      -against-

CITY OF NEW YORK DSS/HRA/DHS, et al.,

                Defendants.

25-CV-5438 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, initiated this action on June 30, 2025, by filing a complaint against Defendants "City of New York DSS/HRA/DHS," Office of the Comptroller, Home Life Services Inc., and Queens Family Residence LLC. The complaint refers to an ongoing case that he filed in New York State Supreme Court, New York County, against the same defendants, *see Mungin v. City of New York DSS/HRA/DHS*, Ind. No. 10040/25 (N.Y. Cnty. Sup. Ct.), and indicates that he intends to file a notice of removal of the state court case.

    On July 14, 2025, Plaintiff filed the notice of removal. Both the complaint and notice of removal include pleadings from the state court matter, specifically, Plaintiff's "opposition" to the affirmative defenses raised in Defendants' answer. The Court treats this superseding application (ECF 6) as the operative pleading.

    By order dated July 21, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the action is remanded to the New York State Supreme Court, New York County.

## STANDARD OF REVIEW

A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## DISCUSSION

Removal of this case is improper because only the defendant in a state court action can file a notice of removal. *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988) ("Quite simply, a party who is in the position of a plaintiff cannot remove."); *Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 210 (E.D.N.Y. 1998) (noting that " [e]very case to consider the question has held that defendants, and only defendants, may remove") (citation omitted).

Moreover, "Section 1441(a) . . . does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had "original jurisdiction" over the civil action." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 442 (2019). To the extent Plaintiff

seeks to remove this state-court action because he answered defendants' affirmative defenses, the removal statute does not allow for removal in this circumstance. Removal must be initiated by a state-court defendant.

For this reason, the Court concludes that removal is improper. Thus, the action is remanded to the New York State Supreme Court, New York County. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

## CONCLUSION

The Court treats Plaintiff's notice of removal (ECF 6), filed on July 14, 2025, as the operative pleading.

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to the New York State Supreme Court, New York County. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All pending matters are terminated.

SO ORDERED.

Dated: July 21, 2025
        New York, New York

                                        /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge